Dennis J. Nolan, Esq.
Luma al-Shabib, Esq.
Beth D. Simon, Esq.
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendants. | Case No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Debtor. | |
| IRVING L. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ALPHA PRIME ASSET MANAGEMENT LTD, ALPHA PRIME FUND LIMITED, CARRUBA ASSET MANAGEMENT LIMITED, REGULUS ASSET MANAGEMENT LIMITED, and SENATOR FUND SPC,<br>        Defendants. | 12-CV-002162 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ANDERSON KILL P.C. TO WITHDRAW AS COUNSEL TO DEFENDANTS ALPHA PRIME FUND, LTD., ALPHA PRIME ASSET MANAGEMENT, LTD., CARRUBA ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LTD. AND SENATOR FUND SPC.**

Anderson Kill P.C. ("AK"), respectfully submits this Memorandum of Law in Support of the Motion to Withdraw as Counsel (the "Motion"), pursuant to Local Civil Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rule 1.4") and 22 N.Y.C.R.R. Part 1200 Rule 1.16 ("Professional Conduct Rule 1.16"), to withdraw as counsel to Defendants Alpha Prime Fund, Ltd. ("Alpha Prime"), Alpha Prime Asset Management, Ltd. ("APAM", and together with Alpha Prime, the "Alpha Prime Defendants"), Carruba Asset Management Ltd. ("Carruba"), Regulus Asset Management Ltd. ("Regulus"), and Senator Fund SpC ("Senator", and together with the Alpha Prime Defendants, Carruba, and Regulus, the "Defendants").  In support of the Motion, AK respectfully states as follows:

## PRELIMINARY STATEMENT

1.      AK's Motion for leave to withdraw from its representation of the Defendants in the above-captioned case should be granted.  The Defendants have discharged AK and requested that it no longer represent them in this matter.  Pursuant to the New York Rules of Professional Conduct, AK's withdrawal under these circumstances is mandatory.  *See* Professional Conduct Rule 1.16(b)(3).  Therefore, good cause exists for the Court to grant this Motion.

## GENERAL BACKGROUND

2.      On December 11, 2008, Bernard L. Madoff was arrested by federal agents for violation of the criminal securities laws, including, inter alia, securities fraud, investment adviser fraud, and mail and wire fraud.

3.      On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(b), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers

2

needed the protections afforded by SIPA.  Simultaneously therewith, the District Court appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA § 78eee(b)(3).

4.      Shortly after the commencement of the SIPA proceeding, Alpha Prime and Senator filed proofs of claim against the Madoff SIPA estate.

5.      On or about July 15, 2009, the Trustee filed the Complaint (as subsequently amended) seeking to avoid and recover allegedly preferential and/or fraudulent transfers of property, pursuant to 11 U.S.C. §§ 542, 547 and 548, made by the Debtor to the Defendants and to expunge the SIPA claims of various defendants, including Alpha Prime and Senator (the "Underlying Adversary Proceeding").

6.      On or about September 3, 2009, Alpha Prime retained AK to defend it in connection with the Underlying Adversary Proceeding, and to take all steps necessary to maximize its recovery on its proof of claim filed against the Madoff SIPA estate.

7.      On or about November 6, 2009, Senator retained AK to represent it in connection with a subpoena issued in Underlying Adversary Proceeding.  On March 17, 2011, Senator retained AK to defend it in Underlying Adversary Proceeding, and to take all steps necessary to maximize its recovery on its proof of claim filed against the Madoff SIPA estate.

8.      On or about March 17, 2011, APAM, Carruba, and Regulus retained AK to defend them in the Underlying Adversary Proceeding.

9.      On or about March 23, 2012, certain defendants filed a motion to withdraw the reference of the Underlying Adversary Proceeding to this Court.

3

10.     On June 30, 2013, Todd E. Duffy, the shareholder at AK responsible for the representation of the Defendants, left AK to join DuffyAmedeo.  The Defendants elected to retain Mr. Duffy at his new firm and terminate their attorney-client relationship with AK.  The docket for this case reflects Mr. Duffy's representation of the Defendants through DuffyAmedeo.

## ARGUMENT

11.     The Local Rules of the Southern District of New York provide that "[a]n attorney who has appeared as attorney of record may relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order."  Local Rule 1.4.

12.     AK's request for leave to withdraw should be granted because AK's withdrawal complies with New York's Disciplinary Rules of the Code of Professional Responsibility which requires an attorney to withdraw where the client discharges the attorney. Professional Conduct Rule 1.16 (b)(3).  Here, the Defendants expressly discharged AK and asked AK to cease working on this case.

13.     At present, the Defendants have exchanged limited discovery with the Trustee.  Given the early posture of this case, the Defendants would not be prejudiced if the Court were to grant AK's motion.  Moreover, Mr. Duffy, who has represented the Defendants from the inception of AK's engagement, will continue as counsel to the Defendants in his new firm.

14.     AK is not asserting a retaining or lien on this case.

## CONCLUSION

4

Because the Defendants requested that AK terminate its representation of them, good cause exists to grant this Application. Accordingly, AK respectfully requests that this Court enter an order: (i) allowing it to withdraw as counsel of record for the Defendants; and (ii) granting any other and further relief as the Court deems appropriate.

Dated: October 2, 2013

**ANDERSON KILL P.C.**
_/s/ Dennis J. Nolan_
Dennis J. Nolan
Luma al-Shabib
Beth D. Simon
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

nydocs1-1020228.1