Dennis J. Nolan, Esq.
Luma al-Shabib, Esq.
Beth D. Simon, Esq.
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                          Defendants. | Case No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                          Debtor. | |
| IRVING L. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>ALPHA PRIME ASSET MANAGEMENT LTD, ALPHA PRIME FUND LIMITED, CARRUBA ASSET MANAGEMENT LIMITED, REGULUS ASSET MANAGEMENT LIMITED, and SENATOR FUND SPC,<br>                          Defendants. | 12-CV-002162 (JSR) |

**DECLARATION OF DENNIS J. NOLAN, ESQ. IN SUPPORT OF MOTION OF ANDERSON KILL P.C. TO WITHDRAW AS COUNSEL TO DEFENDANTS ALPHA PRIME FUND, LTD., ALPHA PRIME ASSET MANAGEMENT, LTD., CARRUBA ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LTD., AND SENATOR FUND SPC**

I, Dennis J. Nolan, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney admitted to practice, and in good standing, in this District, as well as in the Eastern District of New York. I am a shareholder in Anderson Kill P.C. ("AK"), counsel of record to Defendants Alpha Prime Fund, Ltd. ("Alpha Prime"), Alpha Prime Asset Management, Ltd. ("APAM", and together with Alpha Prime, the "Alpha Prime Defendants"), Carruba Asset Management Ltd. ("Carruba"), Regulus Asset Management Ltd. ("Regulus"), and Senator Fund SpC ("Senator", and together with the Alpha Prime Defendants, Carruba, and Regulus, the "Defendants") in the above-referenced action. As such, I am fully familiar with the procedural facts and circumstances regarding this action. I respectfully submit this Declaration in support of AK's Motion to Withdraw as Counsel.

1.      On December 11, 2008, Bernard L. Madoff was arrested by federal agents for violation of the criminal securities laws, including, inter alia, securities fraud, investment adviser fraud, and mail and wire fraud.

2.      On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(b), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. Simultaneously therewith, the District Court appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA § 78eee(b)(3).

3.      Shortly after the commencement of the SIPA proceeding, Alpha Prime and Senator filed proofs of claim against the Madoff SIPA estate.

2

4.     On or about July 15, 2009, the Trustee filed the Complaint (as subsequently amended) seeking to avoid and recover allegedly preferential and/or fraudulent transfers of property, pursuant to 11 U.S.C. §§ 542, 547 and 548, made by the Debtor to Alpha Prime and Senator, and to expunge the SIPA claims of various defendants, including Alpha Prime and Senator (the "Underlying Adversary Proceeding").

5.     On or about September 3, 2009, Alpha Prime retained AK to defend it in connection with the Underlying Adversary Proceeding, and to take all steps necessary to maximize its recovery on its proof of claim filed against the Madoff SIPA estate.

6.     On or about November 6, 2009, Senator retained AK to represent it in connection with a subpoena issued in the Underlying Adversary Proceeding.  On March 17, 2011, Senator retained AK to defend it in the Underlying Adversary Proceeding, and to take all steps necessary to maximize its recovery on its proof of claim filed against the Madoff SIPSA estate.

7.     On or about March 17, 2011, APAM, Carruba, and Regulus retained AK to defend them in the Underlying Adversary Proceeding.

8.     On or about March 23, 2012, certain defendants filed a motion to withdraw the reference of the Underlying Adversary Proceeding to this Court.

9.     On June 30, 2013, Todd E. Duffy, the shareholder at AK responsible for the representation of the Defendants, left AK to join DuffyAmedeo.  The Defendants elected to retain Mr. Duffy at his new firm and terminate their attorney-client relationship with AK.  The docket for this case reflects Mr. Duffy's representation of the Defendants through DuffyAmedeo.

3

10.     At present, the Defendants have exchanged limited discovery with the Trustee.  Given the early posture of this case, the Defendants would not be prejudiced if the Court were to grant AK's motion.  Moreover, Mr. Duffy, who has represented the Defendants from the inception of AK's engagement, will continue as counsel to the Defendants in his new firm.

11.     AK is not asserting a retaining or lien on this case.

12.     Accordingly, as set forth in the Motion, AK's request for leave to withdraw should be granted.


Dated:  October 2, 2013             __/s/ Dennis J. Nolan_____
                                    Dennis J. Nolan


4